KANSAS CITY PUMP CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8871.   Promulgated April 21, 1927.

The loss resulting to a creditor, where the debtor, a corporation, assigns all its assets to the creditor and then dissolves, is measured by the excess of the debt over the value of the assets and is sustained at the time of the assignment, and where the creditor in a subsequent year sells the last of the assets assigned, he is not entitled to a deduction in that year for a bad debt measured by the difference between the debt and the amount realized from the sale of the assets.

*H. A. Mihills, C. P. A.,* for the petitioner.
*W. H. Lawder, Esq.,* for the respondent.

This proceeding results from the determination by respondent of deficiencies in income and profits taxes for the years 1919, 1920, and 1921, in the total amount of $16,903.08. Error is assigned in that the respondent disallowed a bad debt deduction of $32,017.11, claimed by petitioner, for the year 1919. The deficiencies in tax for the years 1920 and 1921, arise as a result of the effect on invested capital for those years of the disallowance of the bad debt claimed.

FINDINGS OF FACT.

Petitioner is a corporation organized under the laws of the State of Missouri, with its principal office at 1308 West Tenth Street,

Kansas City, Mo. On December 31, 1912, the Denver Pump & Plumbing Co. was indebted to petitioner in the total amount of $65,080.92, represented by a note of the Denver Pump & Plumbing Co. for the amount of $47,500, and an open account in the amount of $17,580.92. At March 1, 1913, the indebtedness of the Denver Pump & Plumbing Co. had been reduced to $62,783.39, represented by a note for $47,500 and an open account of $15,283.39.

During the year 1913, the Denver Pump & Plumbing Co. was dissolved and discontinued operations and petitioner acquired all of its then remaining assets including its inventory and several deeds of trusts on Colorado property. During the years 1913 to 1918, certain of the assets so acquired, were disposed of by petitioner, the last of the assets so acquired being disposed of on May 20, 1918, for the amount of $1,894 and said amount of $1,894 represents the final payment received by petitioner on the indebtedness of the Denver Pump & Plumbing Co.

The net amount of $30,766.28 was realized on the aforementioned indebtedness during period March 1, 1913, and May 20, 1918. The amounts realized from the assets of the Denver Pump & Plumbing Co., as received, were credited to the open account of the Denver Pump & Plumbing Co. and at December 31, 1918, the account of that company, on petitioner's books, carried a credit of $15,482.89.

At the time the profit and loss accounts of petitioner, for the year 1918, were transferred into loss and gain account, no consideration was given to the note and account of the Denver Pump & Plumbing Co. and no deduction for loss thereon was claimed in the original income and profits-tax return filed by petitioner for taxable year 1918. During 1919, petitioner employed accountants and as a result of their examination, certain adjustments were entered on the books in 1919, but were given effect as of December 31, 1918. These adjustments included entries by means of which the credit balance of $15,482.89 carried in the open account of the Denver Pump & Plumbing Co. was applied as a credit on the note of said company in the amount of $47,500 and the then remaining balance of $32,017.11 on said note was written off to loss and gain account as a bad debt. Petitioner filed an amended return for the year 1918, in which the loss on the indebtedness of the Denver Pump & Plumbing Co. was claimed as a deduction and filed an appropriate claim for refund. The respondent disallowed the deduction claimed for the year 1918, on the ground that the loss was not written off the books of the petitioner until the year 1919.

Petitioner filed claim for abatement of taxes in the amount of $16,034.33, representing reduction in taxes for the year 1919 resulting from the deduction in that year of the alleged bad debt in question. Respondent rejected, in full, the claim in abatement.

Petitioner did not own any of the capital stock of the Denver Pump & Plumbing Co., at any time during the year 1913; however, the controlling stock in both companies was controlled by the same individuals.

### OPINION.

MILLIKEN: This cause was submitted on the pleadings, and the findings of fact are those recited by petitioner in petition filed and which were admitted in answer filed by respondent. Is the petitioner entitled to the deduction claimed?

In 1913, the debtor dissolved and its assets passed to the petitioner in satisfaction of its debts. Those assets consisted of merchandise, machinery, fixtures, and deeds of trust on Colorado property. The fair market value of the assets received by petitioner from its debtor in 1913 was capable of definite ascertainment, at least we presume so, for we have no evidence to the contrary. The loss resulting from the debts owed to petitioner by the Denver Pump & Plumbing Co. was sustained at the time the assets of the latter were transferred in satisfaction of its obligations. The remainder of the debt, not satisfied by the assets received, was a loss sustained in 1913.

*Judgment will be entered for the respondent.*